

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. A. Guest
County Attorney
Camp County
Pittsburg, Texas

Dear Sir:　　　　　Opinion No. O-2170
　　　　　　　　　Re: Should money be transferred from
　　　　　　　　　　　the general fund to a special fund
　　　　　　　　　　　and then paid on the judgment men-
　　　　　　　　　　　tioned?

　　　　Your letter of April 5, 1940, requesting an
opinion of this department on the above stated ques-
tion, has been received.

　　　　We quote from your letter as follows:

　　　　"On December 16, 1937, W. T. Meredith et
al recovered a judgment in the District Court
of the United States, for the Eastern District
of Texas, Jefferson Division, against Camp Coun-
ty, Texas, for approximately $11,000 in cause
No. 121, Equity. The Commissioners Court of
Camp County has made no tax levy, nor have they
set aside any funds whatever to pay this judgment.
A short time ago contempt proceedings
were filed against the various County Commis-
sioners, the County Treasurer and the County
Judge of Camp County, and on ___ day of April,
1940, a judgment on Proceedings of Contempt was
duly entered, as follows:

　　　　'That the officers of respondent coun-
ty constituting its Commissioner's Court
and the County Treasurer are hereby direct-
ed to take all steps necessary to effect an
immediate payment of $3,000.00 to complain-
ants herein for application upon the money
judgment entered in their favor on December
16, 1937. Such payment shall be made from

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and out of the County's general fund account, I being found that there are sufficient sums on hand therein to permit such disbursement.'

"Mr. Mann, there is at present in the general fund account over $3,000.00, but the registered script or warrants against this fund amount to over $27,000.00, and the County Treasurer has already mailed notices to various holders of registered script that are entitled to payment out of the cash on hand in the order of the registration of the script. The attorneys representing the County of Camp and the Commissioners agreed that the above judgment be entered, even though they knew of the prior registered warrants amounting to some $27,000.00 against the general fund.

"In 1922, an order was entered by the Commissioners Court, that made a levy of £06 on each £100.00 valuation, out of the £.25 levy for general fund purpose to pay the warrants upon which the judgment was obtained, together with other warrants. This levy was never set aside any year, and the various warrants were paid from the general fund that have been paid heretofore.

"In your letter to me dated October 30, 1939, you advised me that the County Treasurer must pay registered warrants against the County General Fund in the order of registration. And that any order passed by the Commissioners Court ordering payment of claims out of the general fund ahead of prior registered indebtedness was void.

"The County Commissioners Court yesterday passed an order directing the County Treasurer to transfer £3,000.00 to a special fund set up at the same time, for the payment of the above mentioned judgment, and to make payment of the £3,000.00 on said judgment out of this special fund.

"Mr. Mann, the County Treasurer wants to

obey the law, and handle the funds as the law requires. He has called on me for advice as to whether or not this transfer should be made out of the general fund and put into a special fund, and then paid on the judgment above mentioned, in disregard to registered indebtedness against the general fund. I am of the opinion it cannot be legally done, but would like to have a ruling from you.

"Due to the judgment above mentioned by the United States District Court, which was entered on the ___ day of April, 1940, I would like to have your opinion by return mail, if possible."

The judgment of the district court of the United States for the Eastern District of Texas, Jefferson Division, rendered on the ___ day of April, 1940, referred to in your letter, reads, in part, as follows:

"* * * *

"THIS MATTER came to be heard at this term upon the rule heretofore issued against respondent County and its officers to show cause why they should not be held as for contempt in failing to obey the directions set out in the decree of this court entered herein on December 16, 1937, and upon respondents' answer to the citations for contempt, and upon consideration thereof and of the petition of complainants and the representations of counsel for the respective parties, the court finds the circumstances of this proceeding such as to warrant the entry of the orders hereinafter appearing, and it is, therefore, ORDERED AND ADJUDGED by the Court as follows:

I.

"That the officers of respondent County constituting its Commissioners' Court and the County Treasurer are hereby directed to take all steps necessary to effect an immediate payment of $3,000.00 to complainants herein for application upon the money judgment entered in their

favor on December 16, 1937. Such payment shall
be made from and out of the County's general
fund account, it being found that there are suf-
ficient sums on hand therein to permit such dis-
bursement.

## II.

"It is further ORDERED that in the year
1940 and each succeeding year so long as com-
plainants' judgment remains unpaid, and at the
time other county taxes are levied, a tax at
the rate of not less than 6 cents (out of the
County's constitutional 25-cent general fund
taxing authority) shall be levied on each $100.
valuation of all taxable property in said Coun-
ty, and the proceeds of such levy shall be placed
in a special fund and applied on complainants'
judgment. It is further ordered, however, that
if the proceeds of such levy do not aggregate at
least $1,500.00 by March 1st of the year succeed-
ing that in which the levy was made, then respond-
ent County and its officers shall take all steps
necessary to supplement the proceeds of such
levy from other collections for its general fund
account, to the extent required to insure an an-
nual payment of not less than $1,500.00 to com-
plainants. That on or before March 1st of 1941
and each succeeding year, so long as complainants'
judgment remains undischarged, the proper officers
of respondent County shall take all steps neces-
sary to effect payment of not less than $1,500.00
to complainants, as above prescribed, for appli-
cation on said judgment. That in the event the
proceeds of the aforesaid levy shall amount to as
much as or exceed $1,500.00, the officers or re-
spondent County shall be under no duty to supple-
ment said proceeds, but if the minimum tax above
prescribed shall produce more than $1,500.00 in
any of such years, then the entire proceeds of
said tax shall be used and applied for payment
on said judgment.

## III.

"It is further ORDERED that all payments

hereinabove directed to be made shall be accomplished by appropriate check or voucher drawn to the order of W. J. Meredith and delivered to A. M. Eugenin of Dallas, Texas, Attorney for Complaints.

IV.

"It is further ORDERED that respondents herein and their successors in office shall henceforth faithfully perform each and all of the orders hereinabove set forth, and by such performance shall be discharged from any contempt of which they may be guilty through failure to abide by the orders and directions of this Court's decree of December 16, 1937, as alleged by complainants in their petition.

"All costs incurred in connection with these proceedings are adjudged against respondents and they are hereby ordered to pay such costs.

"Jurisdiction is retained for the purpose of entering any further orders as may appear to be necessary or advisable in enforcing provisions hereof, otherwise this judgment is final.

* * *."

In view of the foregoing judgment of the District Court of the United States for the Eastern District of Texas, Jefferson Division, the question presented in your inquiry becomes moot.

The court has ordered and adjudged that the officers of Camp County, constituting its Commissioners Court and the County Treasurer, are directed to take all steps necessary to effect an immediate payment of $3,000.00 to complainants for application upon the money judgment entered in their favor on December 16, 1937. Further directing that such payment shall be made from and out of the county's general fund account,

and finding that there are sufficient sums on hand in the general fund account to permit such disbursement.

You are respectfully advised that it is the opinion of this department that Camp County must comply with the above mentioned judgment or take proper steps to set the same aside.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/
        Ardell Williams
             Assistant

AW:ob

APPROVED APR 20, 1940

/s/ Grover Sellers          Approved
FIRST ASSISTANT            Opinion Committee
ATTORNEY GENERAL           By B.W.B., Chairman